IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MATEEM HUDSON, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | NO. 3:20-cv-00598 |
| v. | ) ) | JUDGE CAMPBELL |
| WILLETTA GRADY, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM

Mateem Hudson, TDOC# 505868 at Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), an application to proceed as a pauper (Doc. No. 3), a "Motion for Request" (Doc. No. 4), and a "Formal Request for Status of Case" (Doc. No. 5). The Complaint is before the Court for an initial review under the Prison Litigation Reform Act and the in forma pauperis statute.

### I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because Plaintiff's application to proceed as a pauper reflects that he cannot pay the full filing fee in advance, the application (Doc. No. 3) will be **GRANTED**. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

### II. MOTION FOR REQUEST

Before turning to the initial review, the Court notes that Plaintiff filed a Motion that was docketed in both this case (Doc. No. 4) and another case in this Court (Case No. 3:20-cv-00546 ("Case 546"), Doc. No. 9).[1] On August 12, 2020, Judge Trauger dismissed Case 546 for failure to

---

[1] In Case 546, the listed plaintiff is "Pharaoh Illum-maati," and the Complaint is signed by "Mateem Malik Men-Nefer Shakur Rā." (Case 546, Doc. No. 1 at 3, 4). In this case, the listed plaintiff and Complaint

comply with a court order and for want of prosecution. (Case 546, Doc. No. 5). On October 15, 2020, the Court received the Motion for Request docketed in both cases, in which Plaintiff essentially requests that Judge Trauger reconsider the August 12 order of dismissal in Case 546 because he did not receive the orders in that case. And on November 10, 2020, Judge Trauger vacated the August 12 order of dismissal and instructed Plaintiff to comply with certain instructions in order to proceed in that case. (Case 546, Doc. No. 10).

It is unclear what, if any, relief Plaintiff is seeking in this case through the pending Motion for Request, and the substance of the Motion has been addressed by Judge Trauger in Case 546. Accordingly, the Motion (Doc. No. 4), as it pertains to this case, will be **DENIED** as moot.

### III. FORMAL REQUEST FOR STATUS OF CASE

In this filing, Plaintiff states that intends to file a "supplemental amendment to further solidify his initial pleadings." (Doc. No. 5 at 1). As of now, however, the Court has not received an Amended Complaint, so the Court must review the Complaint at Doc. No. 1.

### IV. INITIAL REVIEW

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Factual Allegations**

Plaintiff's allegations reflect that Trousdale Turner employee Willette Grady had authority to control inmates' access to the law library. (*See* Doc. No. 1 at 1–2). For all of May 2020, Plaintiff

---

signatory is "Mateem Hudson" (Doc. No. 1 at 3), but the Certificate of Service is also signed using the same name as in Case 546—"Mateem Malik Men-Nefer Shakur Rā" (*id.* at 4).

was denied a law library pass, despite having a "verified legal deadline" of May 22 for filing an application for "permission to appeal to the Supreme Court." (*Id.* at 2). That month, Grady also failed to fulfill several requests for legal cases Plaintiff sent out due to the facility's lock-down. (*Id.*). Additionally, no law library personnel, including Grady, reported to Plaintiff's housing unit in May 2020 on the scheduled days "for book-cart and Legal." (*Id.*).

Plaintiff alleges that Assistant Warden Denise Davidson supervised Trousdale Turner official Kenneth Bailey, who in turn supervised Grady. (*Id.* at 1). On June 1, 2020, in the presence of Bailey and Grady, Davidson approved Plaintiff's access to the law library. (*Id.* at 1). Around 8:30 a.m. on June 8, however, Grady denied Plaintiff law library access with Bailey present. (*Id.*). Both Grady and Bailey knew that Plaintiff had "verified legal deadlines." (*Id.*).

Grady allegedly made the June 2020 law library schedule to allow access to only "her legal aide," an inmate named Ferris. (*Id.* at 2). Plaintiff alleges that Ferris has been the only inmate from his housing unit on the "library call-out list" since May 29, and that Ferris was the only inmate allowed law library access on June 8. (*Id.*). Chief Unit Manager Donelle Harris contacted Grady and Bailey regarding the June schedule, stating that inmates from Plaintiff's housing unit were scheduled for law library access from 8:00 a.m. to 2:00 p.m. on Mondays. (*Id.*). Grady told Harris that the June schedule was an "invalid mistake and only relates to the book-cart." (*Id.*). On June 8, Grady also allegedly told her colleagues, "All they want to do is play on the computer." (*Id.*).

Plaintiff brings this action against Willetta Grady and Kenneth Bailey in their individual and official capacities. (*Id.* at 1, 5). He requests three million dollars in damages. (*Id.* at 2).

**B. Legal Standard**

To determine if a Complaint passes initial review under the applicable statutes, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v.*

3

*Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). But an assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

1. Official-Capacity Claims

Plaintiff's official-capacity claims against Willetta Grady and Kenneth Bailey, both CoreCivic employees (*see* Doc. No. 1 at 1–2), are essentially claims against CoreCivic itself. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). Because it "performs the traditional state function of operating a prison," CoreCivic "acts under the color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). To state a claim against CoreCivic, Plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [CoreCivic] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240,

4

255 (6th Cir. 2010)). Here, Plaintiff makes no such allegation regarding a "policy or custom" of CoreCivic. Accordingly, Plaintiff fails to state a claim against CoreCivic, and his official-capacity claims against Grady and Bailey will be dismissed.

### 2. Kenneth Bailey

Plaintiff also fails to state a claim against Kenneth Bailey in his individual capacity. Plaintiff alleges that Bailey supervised Willeta Grady, and that Bailey was present on one occasion when Grady denied Plaintiff law library access. "Section 1983 liability must be premised on more than . . . the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Thus, to state a claim against a supervisor official, a plaintiff must allege that "the supervisor encouraged [a] specific incident of misconduct or in some other way directly participated in it." *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)). This requires, at least, a showing that the official "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 803 (quoting *Combs*, 315 F.3d at 558). Here, Bailey's alleged supervisory authority and presence for one instance of Grady's alleged misconduct does not reflect the type of "direct participation" necessary for liability under Section 1983. Bailey, accordingly, will be dismissed as a party.

### 3. Willeta Grady

#### A. Criminal Statutes

Plaintiff asserts that Defendants, including Willeta Grady, violated several federal criminal statutes. (*See* Doc. No. 1 at 1–2 (citing 18 U.S.C. §§ 4, 241, 242, 287)). Plaintiff fails to state a claim on this basis, as he "possesses no private right of action against [Grady] for alleged violations of those criminal statutes," and, "as a private citizen, [Plaintiff] has no authority to

5

initiate a federal criminal prosecution of [Grady] for [her] alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004) (citations omitted) (holding for 18 U.S.C. §§ 241, 242); *Mohwish v. Gentry*, Nos. 97-5331, 97-5417, 1998 WL 466567, at *2 (6th Cir. July 31, 1998) (same for 18 U.S.C. § 4); *Bilinski v. Wills Eye Hosp.*, No. 16-02728, 2016 WL 6247569, at *2 (E.D. Pa. Oct. 26, 2016) (footnote omitted) (same for 18 U.S.C. § 287).

### B. Institutional Policy and Inmate Handbook

Plaintiff also asserts that Defendants violated his rights under Trousdale Turner institutional policies and the inmate handbook. (Doc. No. 1 at 3). But inmates cannot state a Section 1983 claim based solely on the failure to follow prison policies. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)) ("Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest.").

### C. Conclusory Claims

Plaintiff asserts that Defendants violated his rights to due process and equal protection, and that they discriminated against him. (Doc. No. 1 at 1, 2, 3). To the extent that he is attempting to assert a due process claim based on Grady's alleged denial of legal resources, that claim must be analyzed under the more specific standard for access-to-courts claims, "not under the rubric of substantive due process." *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 344 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998)). Plaintiff's access-to-courts claim will be discussed below. And as to Plaintiff's equal protection and discrimination claims, Plaintiff does not provide any specific factual allegations that Grady's alleged actions were motivated by Plaintiff's membership in a protected class. Plaintiff, therefore, fails to state a claim on this basis as well. *Id.* at 345 (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008))

6

("Conclusory equal protection claims, without specific factual allegations, are inadequate to state a civil rights claim.").

### D. Access to Courts

The crux of the Complaint is that Willetta Grady denied Plaintiff access to the courts. He alleges that Grady denied him law library access and failed to fulfill his requests for legal cases, despite him having "verified legal deadlines."

"The Supreme Court has recognized a constitutional right of access to the courts, whereby a plaintiff with a nonfrivolous legal claim has the right to bring that claim to a court of law." *Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002)). This right is "ancillary to [a lost] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (quoting *Christopher*, 536 U.S. at 415). Thus, to state a denial-of-access claim, "a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost." *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011).

Plaintiff does not meet those "unique pleading requirements" here, *id.*, as he does not attempt to explain the nature of any claim for which he had "verified legal deadlines." Indeed, although Plaintiff alleges that he missed certain deadlines, he does not allege that this caused him to ultimately lose the associated claims altogether. Accordingly, Plaintiff fails to state a claim against Grady at this juncture.

### V. CONCLUSION

For these reasons, Plaintiff fails to state a claim for relief under Section 1983. The Court, therefore, declines to exercise supplemental jurisdiction over any state law claims asserted in the

7

Complaint. (*See* Doc. No. 1 at 2 (referencing negligence); *id.* at 3 (referencing Tennessee statutes)); 28 U.S.C. § 1367(c)(3).

Accordingly, this action will be **DISMISSED**. However, this dismissal will be without prejudice to Plaintiff's ability to file an Amended Complaint if he can allege sufficient facts to state a claim in light of the standards explained above. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *Brown*, 415 F. App'x at 614 (internal quotation marks and citation omitted) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE